O'CONNOR, Respondent, vs. THE CITY OF FOND DU LAC, Appellant.

*October 12 — November 1, 1898.*

*Pleading: Judicial notice: Presumption.*

A complaint in an action against a city by its chief of police to recover his salary, which alleges that he was employed for a year and until his successor should be elected and qualified, need not negative the

O'Connor vs. The City of Fond du Lac.

fact that such successor has been duly elected and has accepted and qualified, that being a matter of defense. Although the court will take judicial notice of the provisions of a city charter on that subject (subch. III, ch. 152, Laws of 1883), and will presume that the common council has performed its duty, yet it will not presume that a person elected as plaintiff's successor has qualified for the office.

APPEAL from an order of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. Affirmed.

A. B. Schuchardt, for the appellant.

Edward S. Bragg, for the respondent.

BARDEEN, J. The defendant appealed from an order overruling a demurrer to the plaintiff's complaint. The complaint states, in substance, that the plaintiff was duly appointed chief of police of the defendant city for the year commencing May 1, 1896, and continuing until his successor should be elected and qualified, and his salary was fixed at $50 per month; that he accepted said appointment, entered upon the discharge of his duties, and continued in the discharge thereof until May 1, 1897, when the defendant city, without right or authority, procured the plaintiff to be forcibly excluded from such office, and prevented him from discharging the duties thereof. The complaint then states that some time in the month of April, 1897, the mayor appointed a board of police and fire commissioners, as directed by the statutes, who, on May 24th of that year, published their rules and regulations to govern the selection and appointment of persons thereafter employed in the police department of the city, and that the plaintiff has not been suspended or removed by the board or under its rules and regulations. A further allegation is to the effect that plaintiff, under the law of this state, is and has been continuously chief of police of the defendant city, and continued to perform the duties of that office, and has been ready and willing

O'Connor vs. The City of Fond du Lac.

to perform the same, but that he has been deprived of his star, and ejected from and refused the use of the office provided for the use of the chief of police, and he claims pay for six months' salary at the rate specified.

The complaint expressly shows that the plaintiff was appointed to the office of chief of police for a term of one year, "and until his successor should be elected and qualified." This is in exact conformity to the term prescribed for such office in the defendant's -charter. Laws of 1883, ch. 152, subch. III, sec. 3. Under this provision, he would be entitled to hold his office until his successor had been duly chosen, and until he had qualified himself for the office as the law prescribes. It is urged that inasmuch as sec. 2 of said subch. III provides that " all other officers and agents shall be appointed by the common council at its meeting on the first Monday after the general municipal election, or at such time, within two weeks thereafter, as the council may determine," we must presume that the council elected a successor to plaintiff, and therefore the complaint fails to state a cause of action because that fact is not negatived therein. It is quite true that this court will take notice of the provisions in defendant's charter relating to the appointment of plaintiff's successor. It will also act on the presumption that the common council performed its duties as required thereby. Further we cannot go. We cannot take judicial notice that every officer appointed by the council has qualified for his office. The charter provides that every officer appointed shall take and file an oath of office within ten days after notification of his election. Sec. 2, subch. IV. No legal presumption arises that every person who has been appointed to an office has decided to accept it and has qualified within the time limited. Perhaps in these days when man seeks the office, and not the office the man, it might rise to the dignity of a disputable presumption, but we hardly feel called upon to recognize it as such. The acceptance

and qualification of the candidate for office is personal with such candidate, and independent of any supposed action of the city authorities. The fact, if it be a fact, that a successor to plaintiff, who has been duly chosen by the common council, has accepted and qualified himself for the office, is, a matter of defense. The allegations of the complaint seem to be sufficient to require the defendant to meet the issue presented, by answer. The demurrer was therefore properly overruled.

We were urged to pass upon the constitutionality of ch. 247, Laws of 1897, in so far as it had the effect to extend or prolong the terms of police officers. This we must decline to do, because, as we view the case, the question is not fairly presented, and is not necessarily involved in the decision of the case before us.

*By the Court.*— The order of the circuit court is affirmed.